386 So.2d 886 (1980)
ARLEN REALTY, INC., et al., Appellants,
v.
The PENN MUTUAL LIFE INSURANCE COMPANY, Appellee.
Nos. SS-401, SS-425.
District Court of Appeal of Florida, First District.
August 18, 1980.
John D. Milton, Jr. of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellants.
Robert T. Hyde, Jr., Jacksonville, of Broad & Cassel, Bay Harbor Island, for appellee.
WENTWORTH, Judge.
Appellants seek review of a mortgage foreclosure by a summary judgment which we affirm. Appellants allege, among other points, that appellee has not established the predecessor in title's ownership and possession of the subject property at the time of transfer to appellee.
Upon motion for summary judgment it is the movant's burden to demonstrate, by admissible evidence, the nonexistence of any genuine issue of material fact. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). In the present case the predecessor in title, joined as a party defendant, admitted in a responsive pleading his prior ownership and possession of the subject property. Fla.R.Civ.P. 1.510(c) provides that, upon motion for summary judgment, the trial court may consider the pleadings in determining whether any genuine issue exists as to any material fact. Gard, Fla. Evidence, Vol. 1 (1980), Comment to Rule 10:12, suggests that admissions by a predecessor in title are generally admissible against a subsequent grantee.
Appellants did not respond to appellee's motion for summary judgment and have not affirmatively challenged the predecessor in title's ownership and possession of the subject property. Although the predecessor in title no longer held any interest in the property at the time he admitted his prior ownership and possession, in the circumstances of this case his admission was properly considered, upon motion for summary *887 judgment, as against his co-defendants, the appellants.
The order appealed is AFFIRMED.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.