450 So.2d 1195 (1984)
Allen DUTILLY, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 83-1237.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
Rehearing Denied June 11, 1984.
*1196 Edward Gay, Orlando, for appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellee.
COBB, Judge.
The defendant/putative father appeals a summary judgment entered in favor of the plaintiff/mother in a contested paternity action. We reverse the summary judgment which relied primarily on blood test results and the equivocal nature of the defendant's denial of paternity.
On the motion for summary judgment, the parties presented their depositions. In addition, the plaintiff submitted a report which showed the results of red cell antigens and leucocyte antigens tests and which indicated that the probability of the defendant's paternity was 99.98%. The plaintiff stated that she was certain the defendant was the natural father, notwithstanding that another man, whom she later married, had signed the child's birth certificate. The defendant admitted that at one point he thought he was the father but that he later decided he was not. Based upon the foregoing, the trial court entered a summary judgment of paternity.
A movant for summary judgment must demonstrate, by admissible evidence, the nonexistence of a genuine issue of material fact. Landers v. Milton, 370 So.2d 368 (Fla. 1979); O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982); Alren Realty, Inc. v. Penn Mutual Life Ins. Co., 386 So.2d 886 (Fla. 1st DCA 1980). The plaintiff could have properly presented the blood test results for summary judgment purposes by one of two methods. First, the plaintiff could have submitted the affidavit of the technician who actually performed the tests. Second, she could have submitted the affidavit of the custodian of the blood test report, establishing *1197 the foundation by which the report itself could have been admissible as a hearsay exception under section 90.803(6), Florida Statutes (1981). Section 90.803(6) makes admissible:
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
(b) No evidence in the form of an opinion or diagnosis is admissible under paragraph (a) unless such opinion or diagnosis would be admissible under ss. 90.701-90.705 if the person whose opinion is recorded were to testify to the opinion directly.
The plaintiff's only efforts to establish the admissibility of the results were her counsel's affidavit to the effect that the report was a "true and complete copy of the HLA blood test results furnished to [him] by Biomedical Reference Laboratories, Inc.," and the following notation on the report with the notarized signatures of two people referred to as "Ph.D. Associate Director" and "Ph.D., Director Department of Paternity Evaluation":
I certify that the above testing was conducted in accordance with the standards of the American Association for Clinical Histocompatibility Testing and the American Association of Blood Banks and that the conclusions were determined independently by the undersigned and are correct as reported.
Neither the notation nor the affidavit reflects, as 90.803(6) requires, that the results were compiled in the course of regularly conducted activity, by someone or from information transmitted by someone with knowledge, that the practice of the "business" activity was to keep such records and that the opinion of paternity contained in the report would be admissible under sections 90.701-90.705. Thus, the plaintiff failed to properly submit the test results to the trial court, and they should not have been considered for purposes of the summary judgment motion. Without those results, the summary judgment was clearly improper because the defendant's denial in the face of the plaintiff's assertion of paternity amounts to a genuine issue of material fact. Even if the results had been properly admitted, we would question the entry of summary judgment in light of the defendant's sworn denial of paternity, even though the equivocal nature of that denial in the instant case would raise a close question.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.