475 So.2d 951 (1985)
In the Interest of S.J.T. and T.N.T., Minor Children.
No. BD-375.
District Court of Appeal of Florida, First District.
September 5, 1985.
Rehearing Denied October 11, 1985.
*952 Christina A. Zawisza, Mary K. Williams, Jacksonville Area Legal Aid, Inc., Jacksonville, Peggy F. Schreiber, Three Rivers Legal Services, Inc., Lake City, for appellants.
James A. Sawyer, Jr., HRS Dist. III Legal Counsel, Gainesville, Jim Smith, Atty. Gen., William H. Ravenell, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The natural parents of two minor children appeal from an order declaring the children to be dependent and placing them in the custody of the Department of Health and Rehabilitative Services (HRS) for an initial period of six months, and directing the parents to enter into a performance agreement, containing specific conditions. The parents raise two issues: (1) Whether the trial court departed from the essential requirements of law by failing to appoint counsel for the parents to assist them during the adjudicatory and disposition stages of the hearing, and (2) whether the trial court departed from the essential requirements of law by committing numerous errors during the proceedings, making such proceedings fundamentally unfair. We affirm as to the first issue raised, but reverse as to the second issue, and remand the cause for further consistent proceedings.
On October 3, 1984, a representative of HRS filed a petition for dependency alleging that T.N.T., then five years old, and S.J.T., ten months old, were dependent children within the meaning of Chapter 39, Florida Statutes, in that the children were considered to be in need of shelter. It further alleged that the parents had no money, were unemployed, had no home, and that T.N.T.'s physical condition was such as to be consistent with child abuse. The petition concluded with the statement that the parents were advised of their right to counsel to represent them in future proceedings.
An adjudicatory hearing was held on October 11, 1984, at which no record was made.[1] A statement of the evidence of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(3) was, however, filed, representing that at the time of the hearing, the natural parents asked that an attorney be appointed by the court to represent them. The request was denied; the court observing that they did not have the right to court-appointed counsel. Additionally, the parties' statement recited that numerous exhibits were admitted into evidence and placed in the court file, including a referral summary prepared by a child protection team of HRS, describing the emotional problems of T.N.T. and suggesting child abuse. Another exhibit contained the case notes of the Family Outreach Center of Corpus Christi, detailing the nomadic habits of the family, the poor employment possibilities of the father, and *953 relating the possible abuse of T.N.T. and the filthy conditions of the apartment in Corpus Christi where the family previously lived. Finally, a pediatrician's report was admitted, stating that he had seen on T.N.T.'s body evidence of what appeared to him to be physical abuse.
Following the hearing, the court adjudicated the children dependent and scheduled the case for a disposition hearing on October 29, 1984. At that time the parents' request for a court-appointed attorney was again denied. Later, on October 31, 1984, the court found both children dependent by reason of neglect, and specifically found that T.N.T. was dependent due to both emotional and physical abuse.
First, we agree with appellant as to the second issue, that the order of dependency must be reversed, because numerous errors were committed before the court during the hearings so as to make them fundamentally unfair. The only witness who appeared on behalf of HRS at the adjudicatory hearing was a case worker who neither had any actual knowledge of the information contained in the exhibits admitted into evidence, nor had custody of them, or was otherwise qualified as a witness, as required by the business records exception to the Florida Evidence Code. § 90.803(6)(a), Fla. Stat. Cf. Dutilly v. Department of Health & Rehabilitative Services, 450 So.2d 1195 (Fla. 5th DCA 1984) (HLA blood test results could not be admitted in a paternity action, because the technician who performed the test was neither available to testify, nor did she submit an affidavit to that effect; additionally, the custodian of the blood test report did not testify that the test results were compiled by some person in the course of regularly conducted activity, or offer information obtained from someone with such knowledge.).
The information received into evidence in the case below falls within the classic definition of hearsay. Such information went to the very heart of the essential allegations contained in the dependency petition, and the court could hardly have made a finding of dependency without relying upon it. Additionally, section 39.408(2)(b) requires that adjudicatory hearings be conducted by a judge without a jury, and that he shall apply "the rules of evidence in use in civil cases... ." (emphasis supplied) The trial court, presiding over the adjudicatory stage of the proceeding, does not have the same degree of freedom that it possesses at the disposition stage, allowing it to receive "[a]ny other relevant and material evidence, including other written or oral reports, ... in its effort to determine the action to be taken with regard to the child and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing." § 39.408(3), Fla. Stat. See also In the Interest of A.D.J. and D.L.J., 466 So.2d 1156 (Fla. 1st DCA 1985). The conduct of the proceedings below was fundamentally unfair and obviously at variance with the procedure outlined by Chapter 39, Florida Statutes, thereby requiring reversal of both the adjudication and disposition orders of dependency.
Turning next to the question of whether the trial court erred in failing to appoint counsel for the impoverished parents of the minor children, we affirm. This question is answered by applying the test formulated by the Florida Supreme Court in In the Interest of D.B. and D.S., 385 So.2d 83, 90 (Fla. 1980), requiring the appointment of counsel "in proceedings involving the permanent termination of parental rights to a child, or when the proceedings, because of their nature, may lead to criminal child abuse charges." In situations, however, "where there is no threat of permanent termination of parental custody, the test should be applied on a case-by-case basis." Id. at 91 (emphasis supplied). Both statutory and case law authorities reveal that a dependency proceeding does not have the effect of either sustaining a physical abuse charge against the parent, or of permanently terminating the parent's rights to the child. In fact, separate proceedings under the present statutory scheme are required before either of the two events *954 can occur. As to the former, Section 39.411(6), Florida Statutes, provides, except as to proceedings which are not pertinent to the case at bar: "No court record of proceedings under this chapter shall be admissible in evidence in any other civil or criminal proceeding... ." Additionally, as we observed in In the Interest of A.D.J. and D.L.J., the standard of proof necessary to establish the dependency of a child is necessarily different from permanent commitment proceedings. The preponderance of the evidence standard is applicable to the former, but the latter requires clear and convincing evidence. 466 So.2d at 1162. As a result, "the original dependency adjudication is the predicate for the court's continuing jurisdiction over the children, and may be relevant to the issue of permanent commitment, ... [but such question] must be revisited under the more demanding burden of proof applicable in permanent commitment proceedings." Id. at 1162-63 (emphasis supplied).
In the case at bar, the court declared the minor children dependent and placed them in foster care under the jurisdiction of HRS for an initial period of six months, and directed the parents to enter into a performance agreement with HRS. The execution of a performance agreement is an essential initial step, unless the parents will not or cannot participate in the preparation of the performance agreement, before permanent commitment can be sought. See § 409.168(3)(a); In the Interest of C.T.G., 460 So.2d 495 (Fla. 1st DCA 1984). If on remand the trial court again decides upon competent and substantial evidence to declare the children dependent, such determination can have no effect upon any later finding that the parents are guilty of child abuse, or that the parental rights to the children should be permanently terminated. Because separate proceedings would have to be conducted, at which different standards of proof adduced, the parents' rights will be fully protected by then affording them counsel, should they continue to remain financially unable to provide for their own attorney.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The failure to make a record of the testimony at such proceeding is a violation of Florida Rule of Juvenile Procedure 8.220(e).