603 So.2d 13 (1992)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, etc., Appellant,
v.
James C. MOORE, Appellee.
No. 91-1550.
District Court of Appeal of Florida, Fifth District.
July 10, 1992.
*14 Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
William J. McLeod of McLeod, McLeod & McLeod, P.A., Apopka, for appellee.
PETERSON, Judge.
The testimony presented in this paternity suit amounted to an accusation by the child's mother and a denial by the accused defendant, James C. Moore. The judicial hearing officer found that both were equally credible and that, therefore, the plaintiff had failed to prove the case by a preponderance of the evidence.
While paternity evaluation reports that may have tipped the scales in favor of the plaintiff were filed in the record below, defendant's counsel successfully objected to their admission into evidence because no predicate had been laid for their admission. Such test results cannot simply be handed to the trier of fact as evidence without proper authentication and the proper predicate. Seiler v. Stringham, 567 So.2d 1078 (Fla. 4th DCA 1990); Ferguson v. Williams, 566 So.2d 9 (Fla. 3d DCA 1990); Dutilly v. Department of Health & Rehabilitative Services, 450 So.2d 1195 (Fla. 5th DCA 1984). In Ferguson, the court stated:
Although [paternity] test results may be admitted into evidence pursuant to section 742.12, the records reflecting those results must be properly authenticated and a proper predicate must be laid. Haphazard admission of paternity reports such as the ones in this case does a disservice to the parties, the children, and the legal process.
Ferguson, 566 So.2d at 11.
Appellant complains that the hearing officer's refusal to admit the evaluation reports was unfair because the defendant had failed to object to the admissibility of the written test results in advance of trial, and particularly because one of the two tests had been requested by the defendant. Appellant cites no authority for requiring advance notice of the intent to adhere to the rules of evidence, and we decline to establish one. We see no abuse of discretion in the court's refusal to grant rehearing. In the instant case, there were no extenuating circumstances such as were found in Joyner v. Hair, 485 So.2d 491 (Fla. 3d DCA 1986), or Locklear v. Sampson, 478 So.2d 1113 (Fla. 1st DCA 1985).
The order of the trial court is affirmed.
AFFIRMED.
COBB, J., concurs specially with opinion.
HARRIS, J., dissents with opinion.
*15 COBB, Judge, concurring specially.
Based upon the record before us and the rules of evidence, I reluctantly concur with the affirmance of the trial court. I believe it should be noted, however, that a prospective monetary remedy for the mother, for future child support, now may lie in an action against the State Department of Health and Rehabilitative Services and the trial attorney, whose selection was an operational function of the Department. See Department of Health & Rehabilitative Services v. Whaley, 574 So.2d 100 (Fla. 1991).
HARRIS, Judge, dissenting.
I respectfully dissent. Here two tests, an HLA tissue-typing test ordered by the court and a DNA testing approved by the court on appellee's request, both showed in excess of a 99% probability that the appellee, the mother's father, was also the child's father. I agree that a proper evidentiary predicate was not established in this case for the introduction of the test results into evidence as required by Dutilly v. Department of Health & Rehabilitative Serv., 450 So.2d 1195 (Fla. 5th DCA 1984); however, both tests had been filed with the court for some time before the trial and available to both parties, and no pretrial objections to the test results based on their unreliability had been made. Clearly trial counsel erred in assuming that there would be no objection to the test results and in failing to subpoena the necessary parties to establish the predicate. But, when the mother cannot, even by agreement, contract away the child's right to support, an error by trial counsel, unless the defendant is somehow prejudiced, should not be permitted to do so. The court abused its discretion, in my opinion, in denying a rehearing. Appellee would still have the opportunity to challenge the reliability of the testing procedure (hence no prejudice) and the rights of the child could be determined based on all relevant evidence.