PARKER, Judge.
Snelling and Snelling, Inc., appeals an order directing payment of rents from an escrow account. We reverse because of insufficient competent evidence presented to the trial court to permit the payment.
Saul Kaplan is the owner and landlord of commercial property, and Snelling and Snelling, Inc., is a tenant. When Snelling failed to pay Kaplan rent in April 1992, Kaplan delivered to Snelling a five-day notice of default and demanded full payment of all monies owed. Snelling filed a complaint for declaratory relief and monetary damages, alleging that Kaplan breached the lease. The parties agreed that Snelling would deposit the rent into an interest bearing account until the trial court disposed of the lawsuit.
Two months later Kaplan filed a motion to withdraw a portion of the escrowed rent payments so that he would not be required to incur a deficit in the operation of the commercial property. The court held an evidentiary hearing and thereafter entered an order allowing Kaplan to withdraw $60,-000 out of the escrow account for operational expenses.
We agree with Snelling that Kaplan failed to present competent evidence to prove his allegation that the commercial property’s expenses exceeded its income. Robert Browning, Kaplan’s property manager, testified at the hearing. The trial court permitted Browning to testify over objection about the commercial property’s income and expenses. Browning’s testimony regarding the expenses, however, was not based on his personal knowledge but on his reliance on ledger sheets which he re *666 viewed sometime between his deposition, at which time he did not know the expenses, and the evidentiary hearing two months later. Kaplan prepared the ledger sheets at his office in New York.
The trial court also admitted the ledger into evidence. Browning was not the proper witness to qualify the ledger as a business record. See In re S.J.T., 475 So.2d 951 (Fla. 1st DCA 1985) (case worker who was not custodian of exhibits and did not have actual knowledge of contents was not proper witness to qualify exhibit as a business record); Dutilly v. Dep’t of Health and Rehabilitative Sen., 450 So.2d 1195 (Fla. 5th DCA 1984) (attorney’s affidavit claiming document was true and correct copy of blood test was insufficient in summary judgment motion; custodian of the report or technician performing the blood test was the proper witness). See also Specialty Linings, Inc. v. B.F. Goodrich Co., 532 So.2d 1121 (Fla. 2d DCA 1988). Browning did not testify that the ledger was kept in the course of regularly conducted business activity. He was not the custodian nor was he familiar with the underlying transactions allegedly reported. The trial judge’s decision, therefore, could not be based on Browning’s testimony because it was not based on Browning’s personal knowledge of the matter. See § 90.-604, Fla.Stat. (1991). Nor could the ledger be considered competent evidence because there was an insufficient foundation for it to be admitted into evidence as a business record. See § 90.803(6), Fla.Stat. (1991).
Reversed and remanded for further proceedings consistent with this opinion.
HALL, A.C.J., and BLUE, J., concur.