790 So.2d 1182 (2001)
John M. STEVENS, Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE on Behalf of Denise M. Beltran, Appellee.
No. 2D00-1671.
District Court of Appeal of Florida, Second District.
July 20, 2001.
*1183 Virginia R. Vetter of Vetter & Hunter, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
John Stevens appeals a final judgment establishing paternity and child support. Because the Department of Revenue (DOR) failed to lay the proper predicate to admit in evidence the results of Mr. Stevens' DNA test, we reverse.
On December 20, 1994, the DOR filed a paternity petition on behalf of the mother, Denise Beltran. Ms. Beltran, a California resident, executed an affidavit in support of the petition alleging that Mr. Stevens fathered her son during a 1991 visit to Florida. During discovery, the parties stipulated to DNA testing pursuant to Florida Rule of Civil Procedure 1.360(b)(3); however, the parties did not stipulate to the admissibility of the test results. Prior to the final hearing, Mr. Stevens filed a notice of objection to the test results, arguing that they were inadmissible because the DOR failed to authenticate the test and also failed to establish a reliable chain of custody. Mr. Stevens makes this same argument on appeal and raises several others. While we find no merit in the other points he raises in this appeal, we reverse as to the admissibility of the DNA test results.
In order to admit DNA evidence in paternity proceedings, the proponent of the evidence must lay the proper predicate by producing the affidavit or testimony of the technician who actually performed the tests or the affidavit or testimony of the custodian of records for the facility performing the test. Morris v. Crawford, 718 So.2d 354, 356 (Fla. 4th DCA 1998) (citing Dutilly v. Dep't of Health & Rehab. Servs., 450 So.2d 1195 (Fla. 5th DCA 1984)).
Mr. Stevens' blood was drawn at a Tampa laboratory and sent to Long Beach Genetics Laboratory (Long Beach Lab) in California. Ms. Beltran and the child were tested at Long Beach Lab. The record contains the deposition of Dr. Jeffery Morris, director of Long Beach Lab, along with the affidavit of the laboratory's records custodian, Michael Korbin. Dr. Morris testified concerning the facility's operation, licensing, and accreditation, as well as its policies and procedures relative to DNA testing. Dr. Morris' testimony established that Long Beach Lab conducted the DNA test in accordance with standards and procedures recognized and accepted in the scientific community. Additionally, Mr. Korbin's affidavit established the chain of custody for Ms. Beltran and the child's blood samples, identified each technician within the chain of custody, and provided details concerning the technician's training and qualifications. However, the DOR failed to produce any evidence to establish the chain of custody or to authenticate the blood sample drawn at the Tampa laboratory. Although Dr. Morris testified that Long Beach Lab received the sample from Tampa in a sealed container, there is nothing in the record to identify Mr. Stevens as *1184 the sample's donor or to establish that the sample was collected under the conditions specified in the parties' stipulation.[1] Because the DOR failed to establish a reliable chain of custody and also failed to authenticate the blood sample attributed to Mr. Stevens, the results of the DNA test should have been excluded from evidence.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
BLUE, C.J., and SILBERMAN, J., Concur.
NOTES
[1] The parties' stipulation provided the following conditions for DNA testing:

Petitioner and Respondent agree to bring photo identification to the testing, and agree their identification may be assured through photographing and fingerprinting, and further that their blood samples be identified with their full names, social security numbers or other means of identification, as well as the date the sample was taken.