PER CURIAM.
We withdraw our opinion issued April 24, 2002, and substitute the following in its place.
Reed Benardo, the putative father in a disputed paternity action, appeals the denial of his motion to vacate the trial court’s order on temporary child support arguing that, because the issue of temporary support was heard by a hearing officer who made recommendations to the court, the resulting order is null and void. Specifically, he claims that the hearing officer did not have jurisdiction to hear the issue of temporary support where he was contesting the outcome of the paternity testing, an issue that appears to be one of first impression. We agree with the appellant, and reverse and remand for further proceedings.
According to the record, the Department of Revenue (DOR) on behalf of Linda J. Reilly, the mother, who fives in Pennsylvania, filed a paternity action against Be-nardo, who resides in Florida. On March 28, 1995, DOR filed the results in this case showing a probability of paternity of 99.96%. Benardo disputed the results. Pursuant to section 742.031, Florida Statutes, which provides that “[t]he court shall issue, upon motion by a party, a temporary order requiring the provision of child support pursuant to section 61.30 pending an administrative or judicial determination of parentage, if there is clear and convincing evidence of paternity on the basis of genetic tests or other evidence,” DOR sought to establish temporary support for the mother.
Accordingly, the trial court referred the matter for determination of the amount of temporary support to a hearing officer. Benardo objected to the referral to the hearing officer arguing that the hearing officer lacked subject matter jurisdiction to hear the matter in a disputed paternity action pursuant to the provisions of Family Law Rule of Procedure 12.491(2), which governs the general powers and duties of the support enforcement officer. Specifically, Benardo’s objection was that under rule 12.491, “a support enforcement hearing officer does not have the authority to hear contested paternity cases.”
On December 7, 1999, the trial court denied both DOR’s motion for summary judgment of the paternity action and Be-nardo’s objection to the temporary child support being heard by the hearing officer. Thereafter, a temporary support hearing *163 was held on June 14, 2000, before the hearing officer.
At that hearing, Benardo, again objected arguing that allowing the hearing officer to hear the matter violated rule 12.491, and once again, objected to the DNA test results.
On September 6, 2000, the hearing officer entered her recommended order on DOR’s motion for temporary child support. The hearing officer recommended the trial court enter an order that the only issue addressed in the hearing was temporary support pursuant to section 742.031, Florida Statutes, and that Benardo should begin paying child support in the amount of $588.00 per month.
On September 25, 2000, the trial court ratified the report of the hearing officer and entered an income deduction order against Benardo ordering him to pay $588.00 per month for child support.
Benardo filed a timely motion to vacate the court’s order ratifying the report of the hearing officer pursuant to rule 12.491(f).
A hearing was held on his amended motion to vacate the court’s order ratifying the hearing officer’s report on February 12, 2001. There, Benardo again argued, as he does to this court, that the hearing officer lacked subject matter jurisdiction to hear the issue of temporary child support because it is a contested paternity case.
Significantly, it appears from the record of the hearing that the hearing officer did not consider the contested issue of paternity. Instead, after the trial court determined that the hearing officer had jurisdiction to determine temporary child support, the hearing officer stated at the June 14, 2000, hearing, “I’m not hearing the contested paternity. I’m hearing the child support....”
Accordingly, the issues here are: (1) whether .a hearing officer under Florida Family Law Rule 12.141 has the authority to hear the issue of temporary child support in a contested paternity action where the objection from the putative father is that the hearing officer does not have subject matter jurisdiction to hear the issue of temporary child support; and, (2) if the hearing' officer has the authority to make support determinations, whether the DNA test results were properly entered into evidence.
As to Benardo’s argument about the admissibility of the DNA test results, this court, in Morris v. Crawford, 718 So.2d 354 (Fla. 4th DCA 1998), citing the authority of Dutilly v. Department of Health & Rehabilitative Services, 450 So.2d 1195 (Fla. 5th DCA 1984), explained that blood test results which were presented to the trial court without indication that they were compiled in course of regularly conducted activity, by someone or some information transmitted by someone with knowledge, that the practice of the “business” activity was to keep such records and that the opinion of paternity contained in the report would be admissible under statutes governing admissibility of opinion testimony were, improperly submitted to the trial court for summary judgment purposes.
Here, unlike Morris, the record on appeal shows a verified affidavit from GeneS-creen (the DNA testing facility) which states that the results and medically accepted procedures were followed “in accordance with the requirements of Florida Statute 90.803(6), governing the admission of business records into evidence, the said paternity evaluation test results were compiled in the course of regularly conducted activity at or near the time of the test by an individual employed by GeneScreen with knowledge, that the practice of the *164 business activity was to keep such records, and the opinion of paternity contained in the report would be admissible under sections 90.701 — 90.705.”
Under Dutilly, the proper predicate was laid for the admission of the DNA test results by the trial court. See Dutilly, 450 So.2d at 1197. Consequently, the DNA results have been properly admitted.
Next, however, we are faced with the issue of whether it is proper to allow the hearing officer to hear the temporary hearing on child support pursuant to section 742.031, Florida Statutes, in a disputed paternity action, where the disputed paternity test are properly before the trial court.
DOR maintains that Chapter 742 contemplates two separate proceedings in a contested paternity action once a motion for temporary support is filed. DOR argues that, “[a]s a matter of law, on a motion for temporary child support pursuant to section 742.031(1), when a verified blood test provides clear and convincing evidence of paternity pursuant to section 742.031(1), section 742.12(4), and section 742.12(6), the court is simply awarding the mandatory temporary child support.” We disagree.
Clearly, rule 12.491(e) states that, “A support enforcement hearing officer does not have the authority to hear contested paternity cases.” According to the 1995 Commentary on the addition of the subsection, “Subdivision (e) now makes clear that contested paternity cases are not to be heard by support enforcement hearing officers.”
While we find no case directly on point, Benardo correctly points out that in 1998, in In re: Amendments to the Florida Family Law Rules, 723 So.2d 208, 211 (Fla.1998), the Committee’s debates surrounding the authority of hearing officers is instructive,
Rule 12.4-91 — Child Support Enforcement
The committees request this Court to allow child support hearing officers to issue recommended orders establishing paternity in contested paternity cases and determining support issues for a parent with whom a child is living. This request does not apply to contested paternity cases in which a jury trial has been demanded. All parties acknowledge that a litigant can demand a jury trial in paternity cases and that hearing officers cannot conduct such proceedings. Currently, the rule limits the powers and duties of hearing officers to issues regarding child support. According to the committees, the authority of a hearing officer to hear these issues is necessary to ensure compliance with federal statutes and regulations, which require a state to have an expedited procedure for the determination of paternity and support to receive certain federal funding. See, e.g., 42 U.S.C. § 666(a)(2)(1994); 45 C.F.R. § 303.101(b)(l)(1997). We agree that the support issues to be considered by a hearing officer may be extended to include alimony enforcement issues related to an ongoing child support matter, but, for the reasons expressed below, we decline to allow hearing officers to adjudicate contested paternity cases.
As conceded by the committees, the fact that the federal law requires an expedited process does not mean that a hearing officer is required to hear paternity determinations. To the contrary, the legislation simply requires that an expedited process be provided. Clearly, an expedited process can be implemented under which an Article V judicial officer presides over paternity proceedings.
*165 The committees, however, argue that, because a paternity proceeding is so intricately tied to support and because hearing officers can hear support issues, the hearing officers should be allowed to hear paternity issues. The committees contend that the same procedures in effect for protecting the due process rights of a litigant in child support would be in effect for paternity determinations. Consequently, the committees see no need for an initial determination regarding paternity to be conducted by an article V judicial officer. The committees also assert that a contrary holding will overload the judiciary. We disagree.
First, hearing officers are only prohibited from presiding over contested paternity cases. Hearing officers are authorized to accept “voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid.” Fla. Fam. L.R. 12.491(e)(3).
Second, chapter 742, Florida Statutes (1997), is the exclusive remedy for establishing paternity, P.N.V. v. Washington, 654 So.2d 1274 (Fla. 2d DCA 1995), and provides that any determination of paternity also involves a determination of custody. Section 742.031, Florida Statutes (1997), governs hearings in paternity proceedings. That section, in pertinent part, provides:
(1) Hearings for the purpose of establishing or refuting the allegations of the complaint and answer shall be held in the chambers and may be restricted to persons, in addition to the parties involved and their counsel, as the judge in his or her discretion may direct The court shall determine the issues of paternity of the child and the ability of the parents to support the child.... The court may also make a determination as to the parental responsibility and residential care and custody of the minor children in accordance with chapter 61.
(2) If a judgment of paternity contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting primary residential care and custody to the other parent without prejudice. If a paternity judgment contains no such provisions, custody shall be presumed to be with the mother.
(Emphasis added.) In essence, in making a determination of paternity, a court, of necessity, is making a custody determination; that is, even when custody is not an issue, a paternity judgment containing no explicit award of custody is granting custody to the mother. We find that hearing officers have no constitutional or statutory authorization to make recommendations regarding custody and visitation, and we accordingly conclude that they are not authorized to hear contested paternity proceedings.
(Emphasis added.)
Significantly, from the Committee’s comments, it is contemplated that in contested paternity matters, it' is the court, not a hearing officer, who must make the decisions concerning paternity and the ability of the parents to support the child.
While DOR would have this court consider a contested paternity a two-part process, we disagree. Contrary to DOR’s argument, the committee recognizes the contested paternity action and child support ordered therein, as one action, consisting of inextricably intertwined issues.
Further, fatal to DOR’s position is that, according to the Committee comments, in disputed cases the court shall decide the *166 disputed issues. It appearing that the hearing officer has no authority to rely on the DNA results over the putative father’s objections, and, where as here, the trial court had made no finding that there was clear and convincing evidence of paternity, there is nothing upon which the hearing officer could base her recommendation of temporary child support. In the present case, under the Committee’s commentary, we reverse the trial court’s order and remand the matter of temporary child support in this contested paternity action to be heard by the trial court.
POLEN, C.J, GUNTHER and STONE, JJ., concur.