654 So.2d 1274 (1995)
P.N.V., Appellant,
v.
STATE OF WASHINGTON, on Behalf of T.R.D., Appellee.
No. 94-01174.
District Court of Appeal of Florida, Second District.
May 19, 1995.
P.N.V., pro se.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellee.
ALTENBERND, Judge.
P.N.V., the putative father, appeals an order determining paternity and establishing child support. We reverse the order because P.N.V. timely invoked his right to have the issue of paternity resolved by a circuit court judge or jury, and not upon the recommendation of a child support enforcement hearing officer.
In April 1992, the mother filed a petition for child support under the Uniform Reciprocal Enforcement of Support Act (URESA). See §§ 88.081-.311, Fla. Stat. (1991). The petition was first filed in the State of Washington, but was referred to the Sixth Judicial Circuit of Florida, as the responding court. In addition to child support, the petition requested a determination of paternity. The mother filed a form affidavit in which she placed an "X" in either a "yes" or "no" box next to various statements that are indicative of the putative father's paternity. The affidavit admits that there is no biological proof of parentage by blood or Human Leukocyte Antigen (HLA) testing.
Before any response was filed by the putative father, the mother moved to set the case for nonjury trial. A child support enforcement *1275 hearing officer entered an order setting the case for resolution before the hearing officer pursuant to Florida Rule of Civil Procedure 1.491. The putative father, pro se, filed an "Objection to Referral To General Master." Although the putative father's objection confuses the procedures for a general master under rule 1.490, and those for a hearing officer under rule 1.491, he clearly objected to a determination of paternity by anyone other than a circuit court judge. The record contains no written ruling on this objection by either a circuit court judge or a hearing officer, but P.N.V. attended a hearing at which the hearing officer orally refused to refer the matter to a judge. P.N.V. declined to attend a hearing on paternity before the hearing officer, and the hearing officer entered findings and a recommendation of paternity based exclusively on the form affidavit. The trial court entered judgment on this recommendation on October 27, 1993.
Within ten days of the order, P.N.V. filed a motion which is both a motion to vacate and a motion for rehearing. P.N.V., who is not an attorney, filed both motions because rule 1.491(f) explains that any party affected by such an order may file a motion to vacate the order, and rule 1.530 authorizes a motion for rehearing. Although the drafters of the rules may have intended the procedure in 1.491(f) as a substitute for the procedure in rule 1.530, there is nothing in the rules to preclude the filing of both. On December 17, 1993, the trial court entered an order denying only the motion to vacate and making no reference to the motion for rehearing. Shortly thereafter, P.N.V. renewed his motion for rehearing, and the trial court denied rehearing on January 7, 1994. P.N.V. appealed within thirty days of the order denying rehearing.
The mother moved to dismiss this appeal because it was not filed within thirty days of the denial of the motion to vacate. Initially, we were inclined to agree that P.N.V. had filed a second unauthorized motion for rehearing. It appears, however, that P.N.V.'s initial motion for rehearing was not resolved in the order denying his motion to vacate. Thus, he was entitled to defer his appeal until the trial court had disposed of that post-judgment motion. See Fla. R.App.P. 9.020(g).
An issue of paternity can be resolved in a URESA proceeding. See § 88.235, Fla. Stat. (1993). Nevertheless, chapter 742 is still regarded as the "exclusive remedy" for establishing paternity, even in a URESA proceeding. Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980); Sharon v. Porter, 504 So.2d 1359 (Fla. 5th DCA 1987); Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983); § 742.10, Fla. Stat. (1993). The language of section 88.235 encourages the court to adjourn a support hearing in deference to a paternity proceeding whenever the issue warrants serious consideration.[1] This statutory policy is consistent with a putative father's constitutional right to trial by jury. B.J.Y. v. M.A., 617 So.2d 1061 (Fla. 1993).
Rule 1.491 contains no express authorization for a hearing officer to make a recommended determination on a disputed paternity issue. The mother argues that the hearing officer can make such a recommendation of paternity, if necessary, to establish a right to support. In this case, it is not essential for us to determine the full scope of the hearing officer's power to recommend because the putative father objected to the proceeding and filed a timely motion to vacate the order entered on the hearing officer's recommendation. Accordingly, we hold merely that a circuit court judge must vacate an order entered on a hearing officer's recommendation of paternity if a party files a timely motion to vacate the determination of paternity based upon an earlier objection to the proceeding. Upon receipt of such an objection, the trial court must allow the issue *1276 to be determined by judge or jury under the usual rules of procedure and evidence.
Reversed and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.
NOTES
[1] Section 88.235 states:

Paternity.  If the respondent asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise, the court may adjourn the hearing until the paternity issue has been adjudicated.