659 So.2d 1239 (1995)
STATE of Florida, DEPARTMENT OF REVENUE, and Linda Loveday, Appellants,
v.
Lawrence LOVEDAY, Appellee.
No. 95-01763.
District Court of Appeal of Florida, Second District.
August 25, 1995.
*1240 Amanda Traweek and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellants.
David J. Gruskin of Gruskin & LaBerge, P.A., St. Petersburg, for appellee.

ON MOTION TO DISMISS
ALTENBERND, Acting Chief Judge.
The appellee, Lawrence Loveday, moves to dismiss this appeal, arguing that the motion to vacate a child support judgment pursuant to Florida Rule of Civil Procedure 1.491(f)(1) did not stay rendition of the final judgment.[1] We deny the motion to dismiss and treat the Department's motion to vacate as a motion to rehear, alter, or amend a judgment, which stays rendition of that judgment. See Fla. R.App.P. 9.020(g).
The Department filed a child support enforcement proceeding on behalf of Linda Loveday against Mr. Loveday in 1994. Our limited record does not include a copy of the petition, but it appears that the action was initiated pursuant to Title IV-D of the Social Security Act. See 42 U.S.C. §§ 651-669 (1988). Mr. Loveday filed a motion for summary judgment, explaining that he owed no arrearage because he had made payments in Rhode Island. His motion also requested attorney's fees pursuant to section 57.105, Florida Statutes (1993). Before the hearing on Mr. Loveday's motion, the Department filed a notice of voluntary dismissal. Nevertheless, the child support hearing officer considered the motion and recommended that the Department pay $1200 directly to David *1241 J. Gruskin, as attorney's fees for representing Mr. Loveday. The trial court entered judgment in accordance with that recommendation on January 11, 1995.
On January 23, 1995, the Department served a motion to vacate. A few days later, it also served a notice of hearing for February 24, 1995. Mr. Loveday responded by filing motions to strike and quash on the ground that a motion to vacate pursuant to rule 1.491(f)(1) must be heard within ten days. He scheduled his motions for hearing on February 22, 1995. The trial court quashed the Department's motion to vacate because it was not heard within ten days. The Department filed a notice of appeal within thirty days of that order.
The preceding statement of the case raises many obvious legal issues, most of which we do not reach on this motion to dismiss.[2] We need only decide two jurisdictional questions: (1) whether the motion to vacate was authorized and timely, and (2) whether it stayed rendition of the judgment for appellate review, even though it was not heard within ten days.
First, the motion to vacate was authorized by rule 1.491. The more difficult question is whether it was timely. Rule 1.491(f)(1) requires a party to "move to vacate the order within 10 days from the date of entry." The tenth day fell on a weekend and the Department served its motion on the following Monday. The computation of time under rule 1.090(a) allows Monday to be the tenth day in these circumstances.
Our record does not disclose whether the motion was filed, as well as served, on Monday. Unlike most of the rules of civil procedure, rule 1.491(f) does not state whether the motion must be "served" or "filed" within the ten-day limit. Because this motion is similar to a motion for rehearing, which must be served within ten days, and because most other time requirements in the rules are governed by service, we interpret the rule as requiring a party to serve a motion to vacate within ten days of the entry of the order. Thus, the Department's authorized motion was also timely.
Rule 9.020(g) provides, in relevant part:
(g) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; or a challenge to the verdict, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
The list of "authorized and timely" motions in rule 9.020(g) does not expressly include a rule 1.491(f) motion to vacate. The relevant comments to the rules do not disclose any particular intent on this issue. Nevertheless, for practical purposes, such a motion to vacate functions as a motion to rehear, alter, or amend a judgment. Thus, it is logical to treat a rule 1.491 motion to vacate as a *1242 motion to rehear, alter, or amend a judgment.
The stay of rendition established in rule 9.020(g) can be overridden only by a specific provision in another rule. Rule 1.491(f) does not "specifically provide" that the motion has no affect on rendition. By contrast, a motion to vacate filed pursuant to rule 1.540(b) can be filed long after the time for rehearing. Rule 1.540(b) specifically provides that such a motion does not affect the finality of the judgment or suspend its operation.
The Ad Hoc Committee Notes to rule 1.491 indicate that the motion to vacate was included "to guarantee due process to the obligee." Presumably, the committee was also concerned with the due process rights of the obligor. There are obvious reasons to stay rendition of a child support judgment pending the resolution of a motion to vacate or modify. A party to this type of proceeding may not always receive a hearing within ten days. Moreover, the trial court may not always enter an order disposing of the motion to vacate promptly after the hearing. If the motion does not stay rendition, the aggrieved party would be required to appeal a final judgment before any circuit judge, as opposed to a hearing officer, had ever personally heard and ruled upon the merits of the overall claim. We recognize the strong policy promoting timely payment of child support. This policy is assisted by rules permitting the rapid enforcement of such judgments. Rapid enforcement, however, does not necessarily require expedited rendition for appellate purposes.[3]
Finally, the failure to conduct a hearing on the motion within ten days of its service does not affect our jurisdiction. Rule 9.020(g) contains no requirement that an "authorized and timely" motion be timely heard. Assuming that an order quashing the motion to vacate was appropriate in this case, it was an order "disposing" of the authorized and timely motion. Accordingly, the Department's appeal is timely, and Mr. Loveday's motion to dismiss is denied.[4]
BLUE and FULMER, JJ., concur.
NOTES
[1] The judgment was entered against only the Department of Revenue. Technically, Linda Loveday is also an appellant, but this opinion shall refer to "the Department" to identify the appellants.
[2] For example, whether a hearing officer's powers under rule 1.491 include authority to recommend attorney's fees under section 57.105 must be resolved on the merits. Whether the trial court could enter judgment against the Department for these fees also awaits later resolution. See State, Dep't of Health & Rehabilitative Servs. v. Harvey, 593 So.2d 611 (Fla. 2d DCA 1992). We do not decide whether the trial court or one of the parties is responsible for scheduling a hearing within ten days of a motion to vacate. Finally, we note that rule 1.491(f) does not explain what order should be entered if the motion to vacate is not or cannot be heard within ten days.
[3] A motion that stays rendition for appeal need not necessarily stay enforcement of the judgment. Just as a judgment can be appealed without a stay, the rule could provide for interim enforcement during the pendency of the motion to vacate. See Fla.R.App.P. 9.600(c). In this case, the judgment is not for child support nor is it payable to a parent with custody of a child. There is little need to expedite resolution of this attorney's fee dispute.
[4] We note that the supreme court has recently proposed replacing rule 1.491 with rule 12.492. See In re Family Law Rules of Procedure, 20 Fla. L. Weekly S365 (Fla. July 28, 1995). The proposed rule does not appear to address the procedural issues discussed in this opinion or in P.N.V. v. State of Washington ex rel. T.R.D., 654 So.2d 1274 (Fla. 2d DCA 1995).