PER CURIAM.
Appellee candidly concedes that appellant’s motion to vacate the hearing officer’s report was timely filed. In a proceeding filed by the Department of Revenue to determine appellant’s arrearages, pursuant to Florida Family Law Rule of Procedure 12.491, the trial court signed an order on September 3, 1999 approving the hearing officer’s report and recommendation. However, the order was not filed, thus rendered, until September 9, 1999. Rule 12.491(f) allows any party affected by the order to move to vacate the order by motion filed within ten days from its entry. Appellant’s motion was filed September 21, 1999. Although the tenth day after rendition of the order was September 20, that day was a court holiday, so the motion filed the next day was timely. In denying appellant’s motion to vacate, the trial court erroneously recited that the order approving the hearing officer’s report was rendered on September 3, which if correct, would have made the motion to vacate untimely.
REVERSED for a hearing on the mer- • its.
W. SHARP, and HARRIS, JJ., and ORFINGER, M., Senior Judge, concur.