STEVENSON, J.
T.J., the putative father of D.G., appeals an order establishing his paternity as to the minor child and adjudicating the child dependent as to him on the ground of abandonment. T.J. seeks reversal of the adjudication of paternity, arguing, among other things, that the trial court applied an incorrect “preponderance of the evidence” burden of proof. We reverse.
Chapter 742, Florida Statutes, is the primary vehicle for the establishment of paternity. See § 742.10(1), Fla. Stat. (2002); P.N.V. v. Wash, exrel. T.R.D., 654 So.2d 1274, 1275 (Fla. 2d DCA 1995). Under chapter 742, paternity must be established by clear and convincing evidence. See § 742.031, Fla. Stat.; Gingola v. Fla. Dep’t of Health & Rehabilitative Servs., 634 So.2d 1110, 1111 (Fla. 2d DCA 1994). This burden of proof cannot be avoided simply because, in this case, the paternity adjudication was made in the context of a chapter 39 proceeding.
It is unclear from the trial court’s order precisely what burden of proof was applied as the order appealed simply finds that there was “sufficient credible” evidence of paternity. We have reviewed the record, however, and find the evidence before the trial court, which consisted primarily of the mother’s naked and equivocal allegation that T.J. was the father,[1] could not rise to the level of “clear and convincing.” See In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995)(defining “clear and convincing evidence”). Thus, we are compelled to reverse the order appealed and remand for further proceedings. On remand, the trial court may take additional evidence on the issue of T.J.’s paternity.
SHAHOOD, J., and GEIGER, DWIGHT L., Associate Judge, concur.

. Here, there was no genetic testing, and the mother had initially identified an ex-boyfriend, W.G., as the putative father.