927 So.2d 73 (2006)
Kevin HINCKLEY, Appellant,
v.
DEPARTMENT OF REVENUE, on behalf of K.A.C.H., a minor child, Appellee.
No. 2D05-5046.
District Court of Appeal of Florida, Second District.
April 5, 2006.
*74 Charles M. Samaha, St. Petersburg, for Appellant.
William H. Branch, Tallahassee, for Appellee.
SILBERMAN, Judge.
The Department of Revenue filed a complaint against Kevin Hinckley to determine the paternity of a child born on January 15, 1997, and to establish child support pursuant to chapters 409 and 742, Florida Statutes (2004). In response, Mr. Hinckley filed several motions, including a motion to dismiss for failure to join as an indispensable party the person who Mr. Hinckley alleged is the "legal father" of the child. On January 19, 2005, following a hearing, a hearing officer made written findings and recommendations as to several of Mr. Hinckley's motions. On February 3, 2005, the circuit court entered an order approving the hearing officer's findings and recommendations.
On February 11, 2005, Mr. Hinckley filed a motion to vacate or modify the circuit court's order. The court declined to rule on the motion, stating that it was "without jurisdiction to hear" the motion because it was not filed within ten days from the date the hearing officer made her findings and recommendations. Mr. Hinckley then filed this appeal. Although the Department has filed a confession of error and Mr. Hinckley raises meritorious arguments, we are compelled to dismiss for lack of jurisdiction.
*75 Mr. Hinckley argues, and the Department concedes, that the hearing officer should not have heard his motions because this case is a contested paternity matter and that Florida Family Law Rule of Procedure 12.491(e) prohibits a hearing officer from hearing contested paternity cases. See Benardo v. Dep't of Revenue, 819 So.2d 161, 164-64 (Fla. 4th DCA 2002). He also argues, and the Department again concedes, that the circuit court erred in concluding that it lacked jurisdiction to consider his motion to vacate or modify on the basis that the motion was untimely.
Rule 12.491(f) provides in pertinent part as follows:
Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry.

(Emphasis added.) It appears the circuit court believed that the emphasized language referred to the time period that a party has to move to vacate the hearing officer's recommended order rather than the court order entered after review of the recommended order. However, this court has previously interpreted the emphasized language as referring to a motion to vacate the circuit court's order, not the hearing officer's recommended order. See State, Dep't of Revenue v. Loveday, 659 So.2d 1239, 1240-41 (Fla. 2d DCA 1995); P.N.V. v. Washington, 654 So.2d 1274, 1275 (Fla. 2d DCA 1995).
The circuit court stated that it was without jurisdiction to hear the motion to vacate or to modify, and Mr. Hinckley asserted in his notice of appeal that he was appealing a final order concerning jurisdiction. However, the order before us is one in which the circuit court simply declined to consider a motion that it believed was untimely filed. The order did not determine jurisdiction over a person or any other issue that would be reviewable by interlocutory appeal under Florida Rule of Appellate Procedure 9.130. See Cotton States Mut. Ins. v. D'Alto, 879 So.2d 67, 69 (Fla. 1st DCA 2004) ("Jurisdiction to hear an appeal from a nonfinal order is limited to the kinds of orders referred to in rule 9.130 of the Florida Rules of Appellate Procedure."); Pinder v. Pinder, 817 So.2d 1104, 1105 (Fla. 2d DCA 2002).
The circuit court's order also did not resolve all matters between the parties or dismiss the case for lack of subject matter jurisdiction. Indeed, the Department's complaint as to paternity and child support remains pending. Because the order is not a final order, it is not reviewable under Florida Rule of Appellate Procedure 9.030(b)(1)(A). See SCI, Inc. v. ANECO Co., 410 So.2d 531, 532 (Fla. 2d DCA 1982) ("The test to be used by appellate courts in determining finality of an order, judgment or decree is whether there has been an end to the judicial labor below and nothing further remains to be done to terminate the dispute between the parties directly affected."); Stone v. Venetian Isles Homeowners Ass'n, Inc., 431 So.2d 623, 624 (Fla. 2d DCA 1983).
It also appears that any error in the circuit court's order can be corrected by postjudgment appeal. Thus, review is not available under our certiorari jurisdiction. See Morton & Oxley, Ltd. v. Charles S. Eby, M.D., P.A., 916 So.2d 820, 821-22 (Fla. 2d DCA 2005); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648-49 (Fla. 2d DCA 1995). As noted in Traveler v. Steiner Transocean *76 Ltd., 895 So.2d 1191, 1192 (Fla. 3d DCA 2005), a postjudgment appeal "is an adequate remedy for an ordinary reversible error for which no appeal is provided under Rule 9.130." Of course, in light of the confession of error by the Department, the circuit court may wish to revisit the issues raised by Mr. Hinckley's motion to vacate or modify. See Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997) ("At all times prior to entry of the final order terminating an action, the trial court has inherent authority to reconsider any of its nonfinal rulings, and, if it deems it appropriate, to alter or retract them."); Bettez v. City of Miami, 510 So.2d 1242, 1243 (Fla. 3d DCA 1987).
For the foregoing reasons, this appeal is dismissed.
NORTHCUTT and SALCINES, JJ., Concur.