941 So.2d 475 (2006)
Leisuris R. GALVEZ, Appellant,
v.
Raul RAMOS, Sr., etc., Appellee.
No. 3D06-793.
District Court of Appeal of Florida, Third District.
November 1, 2006.
*476 Camillo, Snowden & de Almeida, Fort Lauderdale, Howard W. Holden, and Jamie C. Dixon, for appellant.
Vernis & Bowling, and Margaret K. Hey, Buffalo, New York, and Rob T. Cook, Islamorada, for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
RAMIREZ, J.
Leisuris R. Galvez appeals the trial court's order granting Raul Ramos, Sr.'s, motion for rehearing. We reverse, finding that the trial court lacked authority to grant rehearing in this case.
On June 25, 2003, the decedent, Raul Ramos, Jr., was a pedestrian on State Road No. 5 near mile marker 71 approximately two miles south of Islamorada, Monroe County, Florida, when he was struck and killed by a 1996 Kenworth truck driven by Rolando Garcia. Both the official Florida Traffic Crash Report and the Florida Highway Patrol Traffic Homicide Investigative Report establish that, at the time of the accident, Garcia owned the motor vehicle which he was driving.
Raul Ramos, Sr., as personal representative of the estate of Raul Ramos, Jr., filed a pro se wrongful death action against three defendants, including Leisuris R. Galvez. Despite the undisputed fact that Rolando Garcia was the registered owner of the Kenworth truck involved in the accident, Ramos alleged in paragraph 11 of his complaint that Galvez may be a part-owner of Garcia's truck or, alternatively, that Galvez may have been the owner of a company providing the dirt fill load which Garcia was hauling at the time of the accident. Ramos' complaint also alleges a violation of Title 49 of the Code of Federal Regulations as a possible basis of liability by Galvez.
*477 According to Galvez, he had no ownership interest in the 1996 Kenworth truck being driven by Garcia, Garcia was not working for Galvez, and Garcia was not moving any load owned by or on behalf of Galvez. Galvez filed a Motion for Final Summary Judgment, and oral argument was heard on January 5, 2006. Ramos then retained counsel, and a Notice of Appearance was filed on January 26, 2006. On January 30, 2006, the trial court entered Summary Final Judgment for Galvez. The trial court's order was mailed directly to Ramos on January 30, 2006, who then forwarded it to his attorney. On February 14, 2006, Ramos served his Motion for Rehearing. On February 28, 2006, the trial court granted Ramos' Motion for Rehearing.
Galvez contends that the trial court erred when it granted Ramos' Motion for Rehearing, which was served more than ten days after the date the trial court entered Summary Final Judgment for Galvez. We agree.
First, this Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), which states, in pertinent part:
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.

(emphasis supplied). This appeal is from a non-final order (the Order Granting Motion for Rehearing) entered after a final order on an authorized motion (Order Granting Motion for Final Summary Judgment). Accordingly, we have jurisdiction in this appeal.
Next, the trial court's Summary Final Judgment for Galvez was filed on January 30, 2006. Then, on February 14, 2006, more than ten days after the date judgment was filed, Ramos served his Motion for Rehearing.
According to Florida Rule of Civil Procedure 1.530(b), a motion for rehearing must be served within ten days after the date judgment was filed. If not, the court lacks authority to grant rehearing. See Audi v. Federal Nat. Mortg. Ass'n, 685 So.2d 102 (Fla. 4th DCA 1997); Penalba v. Penalba, 616 So.2d 165 (Fla. 3d DCA 1993). Ramos was required to serve his Motion for Rehearing within the ten days afforded under Florida Rule of Civil Procedure 1.530(b). He did not do this, and thus, the trial court lacked jurisdiction to entertain his motion.
Ramos is now contending for the first time on appeal that there was a mistake on the face of the Order Granting Summary Judgment because the Order was mailed directly to him on January 30, 2006, despite the fact that a Notice of Appearance was entered on his behalf on January 26, 2006. Thus, he claims he is entitled to rehearing pursuant to Florida Rule of Civil Procedure 1.540. However, Ramos did not raise this issue before the trial court. The argument he did raise in the trial court was that he is entitled to an additional five days, pursuant to Florida Rule of Civil Procedure 1.090(e), to file a motion for rehearing because the order was sent directly to Ramos, instead of his attorney.
Generally, an appellate court cannot address claims raised for the first time on appeal. Krasnick v. State, 780 So.2d 1045, 1046 (Fla. 4th DCA 2001). Certainly, there are exceptions to this general *478 rule. However, we find that there are none applicable to the case before us.
In addition, Florida law is clear that the time for service of a motion for rehearing is not extended by the five days provided by Florida Rule of Civil Procedure 1.090(e). See Dominguez v. Barakat, 609 So.2d 664 (Fla. 3d DCA 1992). The facts here establish that service of Ramos' Motion for Rehearing was untimely because it was served more than ten days after the date the trial court entered Summary Final Judgment for Galvez. Accordingly, the trial court did not have jurisdiction to entertain Ramos' Motion for Rehearing pursuant to Florida Rule of Civil Procedure 1.530. Furthermore, Ramos is not entitled to rehearing pursuant to Florida Rule of Civil Procedure 1.540. Accordingly, we reverse the trial court's order granting Ramos' Motion for Rehearing.
Reversed.