960 So.2d 911 (2007)
Neil E. WILKINSON, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D07-0098.
District Court of Appeal of Florida, First District.
July 24, 2007.
Neil E. Wilkinson, pro se, Petitioner.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
This is a petition for a writ of certiorari seeking review of an order denying petitioner's request for a writ of mandamus directed to the Secretary of the Department of Corrections, arising out of action taken by the Department on a disciplinary report filed against petitioner, an inmate. Because the petition for a writ of mandamus filed in the trial court sought review of quasi-judicial action by a lower tribunal (i.e., the Department), the Florida Rules of Appellate Procedure applied to the proceeding in the trial court. See Fla. R.App. P. 9.030(c)(3) (providing that circuit courts may issue "all writs necessary to the complete exercise of the courts' jurisdiction," *912 including "writs of mandamus"), 9.100(a) (providing that the rule applies to proceedings invoking a court's jurisdiction pursuant to rule 9.030(c)(3)). Here, the trial court afforded petitioner 20 days within which to reply to the Department's response to the petition for a writ of mandamus. Before expiration of the 20-day period, petitioner filed a motion requesting appointment of counsel and a continuance of the time within which he must reply. Without ruling on that motion, the trial court denied the petition for a writ of mandamus on the merits.
Petitioner had no right to appointment of counsel in the trial court. See generally Wolff v. McDonnell, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (there is no right to retained or appointed counsel in prison disciplinary proceedings). However, the trial court should not have ruled on the merits of the petition without first ruling on the motion requesting a continuance of the time within which petitioner must reply. See Fla. R.App. P. 9.300(b) (providing that, "[e]xcept as prescribed by subdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion"); Forbes v. Crosby, 866 So.2d 198 (Fla. 1st DCA 2004) (quashing denial of a petition for a writ of mandamus entered without affording petitioner time to reply to the Department's response). Accordingly, we grant the petition for a writ of certiorari; quash the trial court's order; and remand to the trial court for further proceedings.
PETITION FOR WRIT OF CERTIORARI GRANTED.
WEBSTER, LEWIS, and THOMAS, JJ., concur.