967 So.2d 317 (2007)
Rufus HAMPTON, Appellant,
v.
James R. McDONOUGH, Appellee.
No. 1D07-1070.
District Court of Appeal of Florida, First District.
September 28, 2007.
Rehearing Denied November 1, 2007.
Rufus Hampton, pro se, Appellant.
Bill McCollum, Attorney General, and Sherry Anita Toothman, Assistant Attorney General, Tallahassee; Kathleen Von Hoene, General Counsel, Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
In the underlying mandamus proceeding filed in the trial court challenging an adverse result in a prison disciplinary action, the trial court imposed a lien pursuant to section 57.085, Florida Statutes (2006), on appellant's inmate trust account to recover court costs and fees. Rather than seeking review of that order here following entry by the trial court of a final order dismissing the mandamus petition, more than two months after entry of that order, appellant filed in the trial court a "Motion for Relief from Order of Indigence Imposing Lien on Prisoner Trust Account," assertedly pursuant to Florida Rule of Civil Procedure 1.540(b), which the trial court denied.
Because the trial court proceeding sought review of quasi-judicial action by a lower tribunal (i.e., the Department of Corrections), it was governed by the Florida Rules of Appellate Procedure. See Wilkinson v. McDonough, 960 So.2d 911 (Fla. 1st DCA 2007). Accordingly, Florida Rule of Civil Procedure 1.540(b) was unavailable to appellant. To the extent appellant wished to have the trial court reconsider its order imposing a lien on his inmate trust account, his recourse was to file in the trial court a motion for rehearing or clarification pursuant to Florida Rule of Appellate Procedure 9.330. Treating appellant's "Motion for Relief from Order of Indigence Imposing Lien on Prisoner Trust Account" as having been filed pursuant to that rule, it was untimely. Therefore, the trial court correctly denied appellant's motion.
AFFIRMED.
KAHN, WEBSTER, and ROBERTS, JJ., concur.