969 So.2d 514 (2007)
Eric M. HOFFMAN, Appellant,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Appellee.
No. 1D06-2642.
District Court of Appeal of Florida, First District.
November 20, 2007.
*515 Eric M. Hoffman, pro se, Appellant.
Bill McCollum, Attorney General, Sean T. Garner and Daniel R. Burke, Assistant Attorneys General, Counsel for Department of Corrections, Tallahassee, for Appellee.
BARFIELD, J.
This is an appeal of an order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540 which was filed by a prison inmate, Eric Hoffman. In his Rule 1.540 motion, Hoffman sought reissuance of an order denying his petition for writ of mandamus regarding gain time issues, so as to allow him to belatedly challenge that order and an order imposing a lien on his inmate trust account for the court fees related to the mandamus proceeding. The appellee has filed a motion to dismiss Hoffman's initial brief/petition for writ of certiorari in which he raised, in addition to arguments challenging the order denying the Rule 1.540 motion, arguments challenging the order imposing the lien, the order denying the petition for writ of mandamus, and an order denying a motion for disqualification of the trial judge. We GRANT the appellee's motion to dismiss in part, finding that Hoffman has not properly invoked this court's jurisdiction as to the three orders, but DENY the motion to dismiss with respect to the order denying the Rule 1.540 motion.
The order denying the Rule 1.540 motion is appealable. See Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So.2d 78 (Fla.1976). This court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(4) to review the order. See Galvez v. Ramos, 941 So.2d 475 (Fla. 3d DCA 2006). And Hoffman has properly invoked this court's jurisdiction by timely filing a notice of appeal of the order denying his Rule 1.540 motion.
Review of the order is governed by this court's very recent opinion in Hampton v. McDonough, 967 So.2d 317 (Fla. 1st DCA 2007), which found, in circumstances similar to those in the case at issue, that the mandamus proceeding in the circuit court was governed by the Florida Rules of Appellate Procedure, not the Florida Rules of Civil Procedure, and that the Rule 1.540 motion was therefore unavailable to the inmate. Treating Hampton's motion as having been filed pursuant to Florida Rule of Appellate Procedure 9.330, the court found that it was untimely filed, and that the circuit court had therefore correctly denied the motion.
Likewise, treating Hoffman's Rule 1.540 motion as having been filed pursuant to Florida Rule of Appellate Procedure 9.330, we find that it was untimely filed, and that the circuit court therefore correctly denied the motion. AFFIRMED.
BROWNING, C.J., and BENTON, J., concur.