981 So.2d 630 (2008)
DEPARTMENT OF REVENUE o/b/o Michelle COCKERHAM, Appellant,
v.
Stephen Lane COCKERHAM, Appellee.
No. 2D07-2665.
District Court of Appeal of Florida, Second District.
May 16, 2008.
Bill McCollum, Attorney General, Tallahassee, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellant.
Leslie Telford of Leslie Telford, P.A., Sarasota, for Appellee.
DAKAN, STEPHEN L., Associate Senior Judge.
The Department of Revenue appeals the order of the trial court entered May 8, 2007, vacating an order and judgment for arrears rendered on May 11, 2006. We reverse, finding that the trial court lacked jurisdiction to consider the matter.
After a hearing conducted by the Support Enforcement Hearing Officer, and after considering that officer's findings and recommendations, the trial court entered its order and judgment for arrears. This order was filed (rendered) in the office of the Clerk of the Circuit Court on May 11, 2006. See Fla. R.App. P. 9.020(h). On May 24, 2006, Stephen Cockerham filed with that clerk his motion to vacate the findings of the hearing officer and the order and judgment for arrears.
The procedures set out in the Florida Family Law Rules of Procedure apply to this case. Rule 12.491(f) states in pertinent part:
Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly . . . Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry.
(Emphasis added.) Mr. Cockerham's motion was date stamped by the clerk on May 24, 2006, thirteen days after the order was filed. Since the tenth day fell on Sunday, May 21, 2006, the last day for filing the motion would have been Monday, May 22, 2006. We hold that "filing" under rule 12.491(f) means the date the motion is filed with the clerk of the appropriate court and date stamped. Mr. Cockerham's motion was therefore not timely filed.
Although we were unable to find a case directly construing the term "filing" as contained in rule 12.491(f), cases have used that term in applying the rule. See, e.g., Hinckley v. Dep't of Revenue, 927 So.2d 73, 75 (Fla. 2d DCA 2006); Daniel v. Dep't of Revenue, 768 So.2d 541, 541 (Fla. 5th DCA 2000). The Florida Supreme Court chose the term "filing" when it promulgated rule 12.491(f), removing, we believe, any ambiguity created by the predecessor to the rule which was incorporated in former Florida Rule of Civil Procedure 1.491(f)(1). Rule 1.491(f)(1) required a party to "move to vacate" an order within ten days from the date the order was entered and had been interpreted to require a party to *632 serve a motion within ten days. Dep't of Revenue v. Loveday, 659 So.2d 1239, 1241 (Fla. 2d DCA 1995).
Because the motion to vacate was not timely filed, the trial court was without jurisdiction to consider it. Galvez v. Ramos, 941 So.2d 475, 478 (Fla. 3d DCA 2006); Catsicas v. Catsicas, 669 So.2d 1126, 1127 (Fla. 4th DCA 1996).
Reversed and remanded with directions to reinstate the Order and Judgment for Arrears of May 11, 2006.
STRINGER and KELLY, JJ., Concur.