989 So.2d 1215 (2008)
Autley MOBLEY, Appellant,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Appellee.
No. 1D07-2174.
District Court of Appeal of Florida, First District.
September 4, 2008.
Autley Mobley, pro se, Appellant.
Kathleen Von Hoene, General Counsel, Tallahassee, for Appellee.
PER CURIAM.
The appellant seeks review of an Order Denying Motion Seeking Relief in which he sought the removal of a lien placed on his inmate trust account in connection with an extraordinary writ proceeding. The appellant argued that the lien was erroneously imposed pursuant to Schmidt v. Crusoe, *1216 878 So.2d 361 (Fla.2003). We recognize that a number of similar orders have been appealed to this Court and that an apparent inconsistency has arisen with regard to how these appeals proceed. We write now to address this Court's jurisdiction to review these orders.
In the underlying mandamus action, in which the appellant challenged a quasi-judicial administrative disciplinary action, the circuit court imposed a lien pursuant to section 57.085, Florida Statutes, on the appellant's inmate trust account to recover court costs and fees. The appellant's mandamus petition was denied by the circuit court on September 12, 2006. Rather than seeking review of the lien order before this Court following the disposition of the mandamus action, the appellant filed a Motion Seeking Relief from an Order Imposing a Lien on Petitioner Trust Account Pursuant to Section 57.085, Florida Statutes. The motion, which was filed more than six months after the denial of the appellant's mandamus petition, challenged the propriety of the lien. The circuit court denied the motion and this appeal followed.
Because the mandamus action initiated by the appellant invoked the circuit court's appellate jurisdiction, the proceeding was governed by the Florida Rules of Appellate Procedure. See Wilkinson v. McDonough, 960 So.2d 911 (Fla. 1st DCA 2007). For this reason, Florida Rule of Civil Procedure 1.540(b) was unavailable to the appellant as a vehicle to challenge the interlocutory lien order. Hampton v. McDonough, 967 So.2d 317 (Fla. 1st DCA 2007).
The relief sought by the appellant in his Motion Seeking Relief from an Order Imposing a Lien on Petitioner Trust Account Pursuant to Section 57.085, Florida Statutes, was in the nature of rehearing of the circuit court's order denying mandamus relief, as well as all prior rulings. Accordingly, we conclude that the appellant's motion was a motion for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330. Because the motion was filed more than 15 days after entry of the circuit court's final order denying mandamus relief, the motion was untimely. Fla. R.App. P. 9.330(a).
A motion for rehearing filed pursuant to rule 9.330, if timely and authorized, will suspend rendition of the underlying appellate ruling until such time that the motion is either abandoned or resolved by the filing of a written order. Fla. R.App. P. 9.020(i). However, Florida Rule of Appellate Procedure 9.130(a)(4) provides that "non-final orders entered after final order on motions that suspend rendition are not reviewable." It might be argued that because the appellant's motion was untimely, and therefore did not suspend rendition of the underlying order, the order falls outside the rule's exclusion. However, we read the rule to mean that an order on a motion that is capable of suspending rendition, whether it was timely or not, is not itself independently reviewable. Consequently, this Court lacks jurisdiction to review the order on appeal and dismissal is appropriate.
We are mindful of several recent opinions from this Court arising from similar circumstances. In Hampton v. McDonough, 967 So.2d 317 (Fla. 1st DCA 2007), the appellant filed a motion pursuant to Florida Rule of Civil Procedure 1.540(b), seeking relief from the circuit court's interlocutory imposition of a lien on his inmate trust account. The Court concluded that despite being designated as a rule 1.540(b) motion, the motion was necessarily a motion for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330. Because the motion was untimely, the Court concluded that the circuit court had properly denied the motion and affirmed *1217 the order. Similarly, in Hoffman v. McDonough, 969 So.2d 514 (Fla. 1st DCA 2007), the appellant filed a rule 1.540(b) motion, which the circuit court denied. Pursuant to the decision in Hampton, this Court affirmed the denial of the motion. The exercise of this Court's jurisdiction in Hampton and Hoffman rests on the fact that in each case, the appeal was initiated as an appeal from an order on a rule 1.540 motion. Florida Rule of Appellate Procedure 9.130(a)(5) specifically provides that the District Courts have jurisdiction to review orders entered on motions filed under Florida Rule of Civil Procedure 1.540.
Henceforth, where an appellant has sought review of an order denying a motion seeking post-appellate rehearing of an interlocutory ruling, such as the imposition of a lien pursuant to section 57.085, Florida Statutes, the Court will treat the appeals as seeking review of an order denying a motion for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330. An untimely motion for rehearing neither delays rendition of the underlying order or judgment, nor is an order thereon an independently reviewable order. Thus, the Court lacks jurisdiction to review the order on appeal and the instant appeal is hereby dismissed.
DISMISSED.
BROWNING, C.J., KAHN and THOMAS, JJ., concur.