BROWNING, J.,
Concurring.
Petitioner seeks review of a circuit court order denying his certiorari petition which challenged a decision of the Florida Parole Commission. This court has jurisdiction in accordance with Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). *763 Jurisdiction was not timely invoked, however, and petitioner has responded to a show cause order on that issue by representing that he did not receive a copy of the order denying his timely motion for rehearing until it was too late to appeal. I agree that this case must be dismissed as untimely but write to discuss what remedy, if any, is available to a party in this circumstance.
When a litigant in a circuit court civil proceeding does not receive a copy of the court’s order in time to appeal it, the remedy is the filing of a motion for relief from judgment in accordance with Florida Rule of Civil Procedure 1.540(b). See Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983). This court recently held, however, that this type of circuit court case is governed by the rules of appellate procedure and a rule 1.540(b) motion is not cognizable therein. Hoffman v. McDonough, 969 So.2d 514 (Fla. 1st DCA 2007); see also Mobley v. McNeil, 989 So.2d 1215 (Fla. 1st DCA 2008). Those cases held that a motion for rehearing pursuant to Florida Rule of Appellate Procedure 9.330 was the proper method to challenge an order imposing a filing fee lien. Here, the 15 days for filing a motion for rehearing under rule 9.330(a) would have expired long before petitioner became aware that his original motion for rehearing had been denied. Rule 9.330(a) authorizes a motion for rehearing “within 15 days of an order or within such other time set by the court” and the time is not jurisdictional and may be extended. Thompson v. Singletary, 659 So.2d 435 (Fla. 4th DCA 1995). Thus, a petitioner who does not timely receive a final order could move the court for rehearing beyond the time allowed for by rule upon a showing of good cause for the untimely filing. In this particular case, however, petitioner alleges that he did not timely receive a copy of the order denying his motion for rehearing. In light of the general rule that a successive motion for rehearing is not permitted, see Fla. R.App. P. 9.330(b), the remedy available to petitioner is not immediately apparent. Failure to provide some means of relief when a party has not timely received the lower tribunal’s order through no fault of his or her own, however, is potentially a deprivation of due process. See Millinger v. Broward County Mental Health Div., 672 So.2d 24 (Fla.1996). Although this petition must be dismissed, I would recognize petitioner’s right to file an equitable motion in circuit court which requests that court to vacate and re-enter its order on rehearing so that this court’s jurisdiction may be timely invoked.