IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DWAYNE E. ROBERTS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4104

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Dwayne E. Roberts, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

BENTON, J.

Dwayne Roberts appeals an order denying petitions for writ of mandamus in which he sought relief from a lien which was placed on his inmate trust account—in an earlier mandamus proceeding—under the authority of section 57.085(5), Florida Statutes (2013). We conclude the order on appeal is not reviewable, and dismiss the appeal.

On June 4, 2013, Mr. Roberts filed a mandamus petition in circuit court seeking review of disciplinary action taken against him by the Department of Corrections. The circuit court allowed proceedings on the mandamus petition to go forward without initial payment of the filing fee, but ordered the Department of Corrections to place a lien on his inmate trust account "for the full amount of the court costs and fees" in the mandamus proceeding. When, by motion in circuit court, he sought relief from this indigency order, including dissolution of the lien, the circuit court denied the motion.

He then sought certiorari review of the indigency order here, arguing he was exempt from paying court costs and fees in a collateral criminal proceeding. See § 57.085(10), Fla. Stat. On October 18, 2013, while the original mandamus petition was still pending in circuit court, we denied the petition for writ of certiorari addressed to the interlocutory, indigency order, citing Gibson v. McDonough, 937 So. 2d 721 (Fla. 1st DCA 2006). See Roberts v. Dep't of Corr., 125 So. 3d 329, 329 (Fla. 1st DCA 2013); Gibson, 937 So. 2d at 722 ("The petition for writ of certiorari is dismissed as premature because petitioner is seeking review of an indigency order related to the circuit court filing fee; therefore, review is properly made after the circuit court has issued a final order disposing of the cause pending below."). Although we did not dismiss the petition (as strict adherence to precedent might have required), we did not reach the merits.

After the circuit court ultimately dismissed the original mandamus petition on December 13, 2013, for failure to state a claim, Mr. Roberts sought review of the order of dismissal by a second petition for writ of certiorari. He did not raise the propriety of the lien in this second petition, however; and, on May 13, 2014, we denied the second petition for writ of certiorari "on the merits." Roberts v. Dep't of Corr., 140 So. 3d 585, 585 (Fla. 1st DCA 2014) (Roberts II).

Prior to our decision in Roberts II, he had filed a separate petition for writ of mandamus in circuit court on January 3, 2014,[1] in which he again challenged the lien imposed on his inmate trust account in the original mandamus proceeding. He filed yet another petition for writ of mandamus in circuit court on July 9, 2014,[2] challenging the same lien imposed in the original proceeding. On August 11, 2014, the circuit court entered an order denying "[e]ach of the [then pending] petitions for writ of mandamus," the order that Mr. Roberts now asks us to review.[3]

---

[1] The order on appeal states that this mandamus petition was filed on January 10, 2014, but the petition reflects that it was provided to institutional officials for mailing on January 3, 2014.

[2] The order on appeal states that this mandamus petition was filed on July 14, 2014, and that a duplicative petition was filed on July 16, 2014. Both petitions reflect that they were provided to institutional officials for mailing on July 9, 2014.

[3] He also sought review of the August 11, 2014 order by petition for writ of certiorari in Case No. 1D14-3876. On May 26, 2015, we dismissed the petition in No. 1D14-3876 as duplicative of the notice of appeal filed in the present case.

On our own motion, on October 17, 2014, we entered an order indicating our jurisdictional concerns and explicitly directing Appellant, petitioner below, to show cause why the present "appeal should not be dismissed for lack of jurisdiction because the order on appeal is not reviewable." Appellant failed to respond to this order, so we proceed to the jurisdictional question without the benefit of his views.

Filed months after the circuit court's December 13, 2013 final order denying relief in the original mandamus proceeding, Mr. Roberts' January 2014 and July 2014 mandamus petitions sought post-judgment reconsideration of an interlocutory order that had imposed a lien. In keeping with past practice, we deem the trial court's order denying the petitions an order denying untimely motions for rehearing, and treat this appeal as one seeking review of an order denying motions for rehearing. See Mobley v. McNeil, 989 So. 2d 1215, 1215-17 (Fla. 1st DCA 2008). In Mobley, we ruled:

> Henceforth, where an appellant has sought review of an order denying a motion seeking post-appellate rehearing of an interlocutory ruling, such as the imposition of a lien pursuant to section 57.085, Florida Statutes, the Court will treat the appeal[] as seeking review of an order denying a motion for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330. An untimely motion for rehearing neither delays rendition of the underlying order or judgment, nor is an order thereon an independently reviewable order.

4

Id. at 1217. When the August 11, 2014 order denying Mr. Roberts' mandamus petitions is treated as an order on untimely motions for rehearing, the order is not subject to appellate review. See Fla. R. App. P. 9.130(a)(4) ("Orders disposing of motions that suspend rendition are not reviewable separately from a review of the final order[.]"); Mobley, 989 So. 2d at 1216–17. Because we lack jurisdiction to review the August 11, 2014 order, we dismiss the present appeal.

Dismissed.

WOLF and RAY, JJ., CONCUR.